UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANET LYNN W.,

                              **Plaintiff,**

                v.                                  5:23-CV-990
                                                        (FJS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street, Suite 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF THE GENERAL COUNSEL**<br>6401 Security Boulevard<br>Baltimore Maryland 21235<br>Attorneys for Defendant | **JASON P. PECK, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for benefits.  *See generally* Dkt. No. 1.  The Court referred this case to Magistrate

---

[1] References to page numbers to documents in the Administrative Record are to the bate stamp numbers located in the bottom right-hand corner of those pages.  References to page numbers in other documents on the docket are to the page numbers that the Court's CM/ECF system generates, which are located in the top right-hand corner of those pages.

Judge Stewart for a report-recommendation. After reviewing the parties' briefs, *see* Dkt. Nos. 12-14, and the Administrative Record ("AR"), *see* Dkt. No. 9, Magistrate Judge Stewart issued a Report-Recommendation and Order, *see* Dkt. No. 15, in which he recommended that the Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, affirm Defendant's decision denying Plaintiff disability benefits, and dismiss Plaintiff's complaint. *See* Dkt. No. 15 at 11-12. Pending before the Court is Plaintiff's objection to Magistrate Judge Stewart's recommendations. *See* Dkt. No. 16.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for that assertion.'" *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). A court reviews for clear error findings and recommendations as to which there are no properly preserved objections. *See id.* Likewise, to the extent that a party asserts "'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments'" set forth in the original submissions, the Court reviews them only for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotations omitted).

### III. DISCUSSION

Plaintiff's only objection is based on her argument that the ALJ failed to evaluate the opinion of consultative examiner, Dr. Shapiro, properly. *See* Dkt. No, 16, Plaintiff's Objections to Magistrate Judge Stewart's Report-Recommendation, at 1. Plaintiff takes issue with the ALJ's finding that Dr. Shapiro's opinion was only partially persuasive. *See id.* at 2 (citing T 23). Specifically, Plaintiff disagrees with the ALJ's finding that "'the record does not support a marked limitation regulating emotions, controlling behavior, and maintaining well-being'" based on "Plaintiff's ability to take 'her medications as prescribed', 'advocate for herself', and take care of certain daily tasks." *See id.* (citing T 23). Furthermore, Plaintiff takes issue with Magistrate Judge Stewart's reliance on "the same *reasoning* as a basis for affirming the ALJ's Decision -- noting that '[i]t is proper to consider whether an individual's daily activities are consistent with a stated limitation' and 'the demonstrated ability to seek proper medical treatment and engage in activities related to caring for yourself or others can reasonably be viewed as inconsistent with a marked limitation. . . .'" *See id.* (quoting Dkt. No. 15 at 8).

Plaintiff contends that this is not "a valid legal basis for rejecting the opinion at issue, as it proves to be a mischaracterization of the underlying evidence." *See id.* at 3 (citing *Rylee J.C. v. Comm'r of Soc. Sec.*, No. 5:22-CV-0331, 2023 WL 3182637, at *8 (N.D.N.Y. May 1, 2023) (remanding where the ALJ "mischaracterized the record" and "failed to account for" probative evidence in order to reject a medical opinion)).

Furthermore, Plaintiff argues that, "[c]ontrary to the Magistrate Judge's finding, Plaintiff's ability to perform certain activities of daily living is not indicative of an ability to engage in substantial gainful activity." *See id.* Thus, Plaintiff contends that, because "the ALJ's basis for rejecting the medical opinion [of Dr. Shapiro] is improper, [her] finding cannot be

upheld as supported by substantial evidence." *See id.* (citing *Rylee J.C.*, 2023 WL 3182637, at *8; *Colgan v. Kijakazi*, 22 F.4th 353, 363 (2d Cir. 2022)).

In addition, Plaintiff argues that Magistrate Judge Stewart "erred in finding that the ALJ properly rejected Dr. Shapiro's findings as inconsistent with the evidence of record." *See id.* (citing Dkt. No. 15 at 9-11). First, Plaintiff asserts that Magistrate Judge Stewart's "finding rests on an incorrect interpretation of Plaintiff's position." *See id.* (citing Dkt. No. 15 at 10). Plaintiff asserts that she is not arguing that "the ALJ must 'address the consistency of each medical opinion relied upon with all other opinions in the record. . . . However, it is indeed relevant that Dr. Shapiro's assessment was highly-consistent with numerous other medical opinions." *See id.* at 4. In particular, Plaintiff points to the November 17, 2021 medical source statement that Holly Fike-FNP-C completed, in which she "opined that Plaintiff could stand and walk for approximately two hours in an eight-hour workday, and would require unscheduled breaks every two hours during an eight-hour workday[;] found Plaintiff seriously limited [in] a variety of areas, including the ability to make simple work-related decisions and carry out very simple instructions[;] assessed Plaintiff as unable to meet competitive standards in numerous areas, including the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and ability to perform at a consistent pace without an unreasonable number and length of rest periods." *See id.* (citing T 398, T 400).

In addition, Plaintiff points to Elizabeth Williams' December 20, 2021 statement, in which she found that "Plaintiff would be off-task more than twenty-percent of the workday and off task more than four days per month[; and] found that Plaintiff possessed no useful ability to function in the ability to perform at a consistent pace without an unreasonable number and length of rest periods." *See id.* at 5 (citing T 405, T406, T407). Finally, Plaintiff relies on LMH

Kaelee's January 21, 2022 mental assessment in which she "noted symptoms including excessive worry, irritability, hypervigilance, poor decision-making skills, impulsivity, and difficulty concentrating." *See id.* (citing T 981).

As a preliminary matter, the Court notes that Plaintiff's objection to Magistrate Judge Stewart's Report-Recommendation is nearly identical to the argument that she made to support her motion for remand -- "the ALJ's failure to properly evaluate the medical opinion of consultative examiner Jeanne Shapiro, Ph.D." *See* Dkt. No. 15, Report-Recommendation, at 6.[2] Magistrate Judge Stewart addressed each argument that Plaintiff offered to support her position, reviewed the evidence in the record and the ALJ's reasoning for concluding that Dr. Shapiro's opinion was only partially persuasive, and concluded that the ALJ fully considered the medical opinions in the record and their consistency or inconsistency with Dr. Shapiro's opinion and concluded that there was substantial evidence in the record to support the ALJ's decision. *See id.* at 7-11.

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and 'other factors.'" 20 C.F.R. § 416.920c(a)-(c); 20 C.F.R. § 404.1520c(a)-(c). The ALJ is required to "articulate how [s]he considered the medical opinions" and "how persuasive [s]he find[s] all of the medical opinions." 20 C.F.R. § 416.920c(a), (b)(1); 20 C.F.R. § 404.1520c(a), (b)(1). The two "most important factors" for

---

[2] Given the almost identical nature of Plaintiff's original argument before Magistrate Judge Stewart and her objection to Magistrate Judge Stewart's recommendations, it would be well within this Court's discretion to review this part of Magistrate Judge Stewart's Report-Recommendation for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotations omitted). Nonetheless, in the interest of completeness, the Court has conducted a *de novo* review of the record with regard to the ALJ's analysis of Dr. Shapiro's opinion.

determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [she] considered the supportability and consistency factors" for a medical opinion.  20 C.F.R. § 416.920c(b)(2); 20 C.F.R. § 404.1520c(b)(2).

With regard to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 416.920c(c)(1); 20 C.F.R. § 404.1520c(c)(1).  The regulations provide that, with regard to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 416.920c(b)(2); 20 C.F.R. § 1520c(b)(2).

Additionally, courts in this District and within the Second Circuit have repeatedly held that an ALJ is "not required to discuss every piece of evidence in order to show that it had been considered, nor does the ALJ's failure to provide a more detailed discussion of the evidence prevent meaningful review of [her] findings[.]"  *Sharon A.H. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1014 (BKS/DEP), 2022 WL 3141718, *7 (N.D.N.Y. Apr. 22, 2022) (Peebles, M.J.) (citing *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (noting that "an ALJ is not required to discuss every piece of evidence submitted," and that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"), *adopted by* 2022 WL 2865971 (N.D.N.Y. July 21, 2022) (Sannes, J.); *LaRock ex rel. MK v. Astrue*, No. 10-CV-1019 (NAM/VEB), 2011 WL 1882292, *6 (N.D.N.Y. Apr. 29, 2011) (Bianchini, M.J.) (discussing that "there is no obligation for the ALJ to discuss every piece of evidence contained

in the record, so long [as] 'the evidence of record permits [the Court] to glean the rationale of an ALJ's decision'" (quotation omitted)), *adopted by* 2011 WL 1883045 (N.D.N.Y. May 17, 2011) (Mordue, C.J.).

The Court has completed a *de novo* review of the record as it pertains to the ALJ's review of the medical opinions in the record and their consistency or inconsistency with each other and other evidence in the record and having done so finds that the ALJ conducted a thorough review of all the medical evidence in the record and thoroughly explained the reasons for the weight that she gave each of those opinions, most importantly for her evaluation of and weight that she gave to Dr. Shapiro's opinion, which is the subject of Plaintiff's original argument before Magistrate Judge Stewart and the crux of her objection to Magistrate Judge Stewart's recommendations.

After thoroughly reviewing the non-medical evidence in the record, the ALJ noted that she could not "defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." *See* Dkt. No. 9 at 23. However, she noted that she had "fully considered the medical opinions and prior administrative medical findings." *See id.* She also stated that "[t]he residual functional capacity detailed above [was] consistent with and supported by the observations of treating, reviewing, and examining sources in the medical records" and that in reaching that conclusion she found "the opinions of the State agency medical consultants persuasive." *See id.* (citing Exs. 1A; 3A). She also noted that these opinions were "supported by details that cite to the record and the opinions are consistent with the overall record, including the course of treatment of the claimant." *See id.*

With regard to her evaluation of Dr. Shapiro's opinion, the ALJ stated, with citations to the record, as follows:

> For the medical opinions concerning the claimant's mental functioning, the undersigned finds the opinion from the psychological consultative examiner, Jeanne Shapiro, Ph.D., partially persuasive. (Ex. 2F). Although the findings of . . . Dr. Shapiro's examination of the claimant generally supports her opinion, the opinion is only partially consistent with the overall record  The record does not support a marked limitation in regulating emotions, controlling behavior, and maintaining well-being.  The claimant had good attendance at her mental heath treatment sessions.  (Exs. 1F; 14F).  She reported taking her medications as prescribed and was able to advocate for herself.  (Exs. 1F; 14F).  The claimant was able to take care of her ill loved one, the house, his dog, his bills, and herself with no need for emergent treatment or hospitalization.  (Exs. 1F; 14F, p.12).  There were no reports of the claimant acting inappropriately at her medical visits.  A few months after her loved one passed on, she reported that her mood was better, and she had not been crying.  (Ex. 14F, p.1).  **Also, Dr. Shapiro opined that the claimant has a mild to moderate limitation in interacting adequately with supervisors, coworkers, and the public.  The record supports a mild limitation in this area**.  The claimant was cooperative at the consultative examinations and at her medical visits.  (Exs. 1F, p. 19, 31, 40, 44, 48, 51, 63, 67; 2F, p.3; 14F, p. 117, 122, 255, 321, 329, 362, 372).  She also said she enjoyed spending time with family and friends.  (Exs. 1F, p.1, 4, 7, 13, 21; 14F, p.21).

*See* Dkt. No. 9 at 23-24 (emphasis added).

With regard to the opinion of State agency psychological consultant, J. Ochoa, Psy.D., the ALJ found the opinion "generally persuasive" although "somewhat vague." *See id.* at 24.  Dr. Ochoa "opined that the claimant [was] able to understand and remember detailed instructions and procedures, maintain adequate attention to complete work tasks on a sustained basis, interact in an appropriate manner, and adapt to work related changes and make work related decisions." *See id.* (citing Ex. 1A, p.15).  The ALJ noted that this "opinion [was] supported by noted details that cite to evidence and the opinion is generally consistent with the record." *See id.*  However, the ALJ explained that she adopted "[m]ore restrictive limitations . . . pertaining to the claimant's

ability to adapt and concentrate, persist, and maintain pace because the claimant did express continued symptoms of anxiety that could reasonably affect these areas." *See id.*

The ALJ also assessed the opinion of State agency psychological examiner, S. Hennessey, Ph.D., and found it "partially persuasive." *See id.* (citing Ex. 3A). Although she found that the opinion was "supported by included details that cite to evidence in the record and is consistent with the totality of the record and the claimant's activities of daily living," she noted that "the opinion [did] not address interacting with the public and the record supports a mild limitation in interacting with others." *See id.*

With regard to the opinion of Holly Fike, FNP-C, the ALJ found that "her opinion was not consistent with the overall record and therefore [was] less persuasive." *See id.* (citing Ex. 8F). The ALJ directed attention to those portions in the record that were inconsistent with Holly Fike's opinion. *See id.* Similarly, the ALJ found the opinion of claimant's mental health provider, Elizabeth Williams, "less persuasive." *See id.* The ALJ noted that, although Ms. Williams' opinion was "one month after FNP Fike's," it "include[d] more severe limitations." *See id.* at 25. Furthermore, the ALJ noted that in "treatment records from December 15, 2021 [five days earlier], the claimant reported being in a better mood and being happier with having her kids around and being able to see her friends more often." *See id.* (citing Ex. 14F, p.1).

Finally, with regard to LMHC Kaelee's opinion, dated January 21, 2022, the ALJ noted that this opinion was "internally inconsistent" and that she was "unsure what the actual opinion" was and found it unpersuasive. *See id.* (citing Ex. 18F).

Having conducted a *de novo* review of the record, the Court agrees with Magistrate Judge Stewart that the ALJ "fully considered" the medical opinions in the record and that the ALJ had

"a reasonable basis for giving more weight to [Dr.] Shapiro['s] opinion than [the opinions of Fike, Williams, and Kaelee] which suggested greater limitations." *See* Dkt. No. 15 at 11.

### IV. CONCLUSION

Accordingly, after a *de novo* review of the record, the Court hereby

**ORDERS** that Magistrate Judge Stewart's May 17, 2024 Report-Recommendation and Order, *see* Dkt. No. 15, is **ADOPTED in its entirety for the reasons stated therein and in this Memorandum-Decision and Order**; and the Court further

**ORDERS** that Defendant's decision, *see* Dkt. No. 9, AR, at 13-27, is **AFFIRMED** and Defendant's motion for judgment on the pleadings, *see* Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 12, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: March 31, 2025
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge